UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT LEE HORTON, II,**<br><br>Petitioner,<br><br>vs.<br><br>**GREGORY SKIPPER,**<br><br>Respondent. | 2:22-CV-10142-TGB<br><br>**ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE** |

Petitioner Robert Lee Horton, II, incarcerated at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery and being a fourth felony habitual offender. The Court has reviewed the petition, which contains a claim which has not been fully exhausted with the state courts. In *lieu* of dismissing the petition without prejudice, this Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to exhaust this claim. If this fails, the petition will be dismissed without prejudice.

## I. BACKGROUND

Petitioner was convicted by a jury in the Macomb County Circuit Court. Petitioner filed an appeal of right through counsel, raising the following claim for relief:

> The trial court violated Mr. Horton's constitutional right to self-representation when it ordered him shackled throughout trial because the shackles impeded his ability to represent himself effectively. [1]

The Michigan Court of Appeals affirmed the conviction. *People v. Horton*, No. 341933, 2019 WL 3986308, at * 2 (Mich. Ct. App. Aug. 22, 2019). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. In addition to raising the claim that was presented to the Michigan Court of Appeals, petitioner also raised an additional claim for the first time before the Michigan Supreme Court:

> The questions presented in this appeal involves questions that have never been addressed by the Michigan Supreme Court or the United States Supreme Court. [2]

In his application for leave to appeal, petitioner argued that the improper shackling of a criminal defendant at a criminal trial should be considered a structural error. He also argued that there had been no finding made by the trial judge or the Michigan Court of Appeals that

---

[1] *See* ECF No. 1, PageID. 46, 54.
[2] *See* ECF No. 1. PageID. 76.

petitioner was a flight risk, disorderly, or dangerous to others so as to support his being shackled. [3]

The Michigan Supreme Court denied petitioner leave to appeal. *People v. Horton*, 506 Mich. 966, 950 N.W.2d 739 (2020). In a dissenting opinion, Chief Justice McCormack, joined by Justices Bernstein and Cavanagh, indicated they would have granted leave to appeal. *Id.*

Petitioner seeks a writ of habeas corpus on the grounds that the trial court violated his constitutional right to self-representation when it ordered him shackled throughout trial because the shackles impeded his ability to represent himself effectively. Specifically, he argues shackling absent record evidence of necessity, and confinement to the defense table while the prosecutor moved about the courtroom resulted in an uneven playing field, constituting structural error.

## II. DISCUSSION

The petition is subject to dismissal because it contains at least one claim that has not been fully exhausted with the state courts.

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can

---

[3] ECF No. 1, PageID. 76-78.

reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner on his appeal of right only raised a claim that his right to self-representation was denied by him being shackled at trial. Petitioner did not raise any claim that the judge did not have any justifications for ordering his shackling until he filed his application for leave to appeal before the Michigan Supreme Court.

Raising a claim for the first time before the state courts on discretionary review does not amount to a "fair presentation" of the claim to the state courts for exhaustion purposes. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Petitioner failed to present his claim that the court lacked any justification to shackle petitioner with the Michigan Court of Appeals, thus, his subsequent presentation of this claim to the Michigan Supreme Court does not satisfy the exhaustion requirement for habeas purposes. *See Skinner v. McLemore,* 425 F. App'x 491, 494 (6th Cir. 2011); *Farley v. Lafler,* 193 F. App'x 543, 549 (6th Cir. 2006).

A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state

courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). Petitioner's claim that the judge did not have any reasons for ordering his shackling is broader than the claim that he raised in the Michigan Court of Appeals, in which he only argued that the shackling impeded his right to self-representation. A claim of improper shackling must be presented to the state courts under the same theory as the shackling claim being raised in the federal courts in order for that claim to be properly exhausted for purposes of federal habeas review. *See e.g. McDonald v. Hardy,* 359 F. App'x 650, 657–58 (7th Cir. 2010). Because petitioner never raised any claim before the Michigan Court of Appeals that the judge had no basis for ordering him to be shackled, this claim has not been fully exhausted with the state courts.

  The exhaustion doctrine, in the context of habeas cases, depends upon whether an available state court remedy exists for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland,* 330 F. 3d 398, 401 (6th Cir. 2003). Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner

5

could exhaust his claims by filing a motion for relief from judgment with the Macomb County Circuit Court under M.C.R. 6.502. The denial of a motion for relief from judgment can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The outright dismissal of the petition, even without prejudice, might result in petitioner being foreclosed from presenting his claims in federal court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when an original petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask

6

for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold the petition in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *Wagner v. Smith,* 581 F. 3d at 419. Further, petitioner may assert that he did not previously raise this claim in the Michigan Court of Appeals due to the ineffective assistance of appellate counsel. *Id.,* at 419, nn. 4 and 5. Petitioner also has good cause for failing to raise any ineffective assistance of appellate counsel claim earlier because state post-conviction review would be the first opportunity that he had to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010). [4]

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in

---

[4] This Court has the discretion to stay the petition and hold it in abeyance even if petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 F. App'x 414, 422, n. 7 (6th Cir. 2005).

exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety (90) days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety (90) days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

## CONCLUSION

Accordingly, **IT IS ORDERED** that petitioner may file a motion for relief from judgment with the state court within ninety (90) days of receipt of this Court's order. If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims.

Petitioner shall re-file his habeas petition within ninety (90) days after the conclusion of the state court post-conviction proceedings, using

the same caption and case number. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

**IT IS SO ORDERED.**

Dated: April 21, 2022          s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE