UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT LEE HORTON, II,**<br><br>Petitioner,<br><br>v.<br><br>**BRYAN MORRISON,**<br><br>Respondent. | 2:22-CV-10142-TGB-APP<br><br>HON. TERRENCE G. BERG<br><br>**ORDER GRANTING MOTION TO REINSTATE HABEAS PETITION (ECF NO. 11), DIRECTING CLERK OF COURT TO REOPEN CASE, AMENDING CAPTION, GRANTING MOTION TO AMEND HABEAS PETITION (ECF NO. 12), ORDERING ORIGINAL AND AMENDED HABEAS PETITIONS (ECF NOS. 1, 12) SERVED ON RESPONDENT AND MICHIGAN ATTORNEY GENERAL, DIRECTING RESPONDENT TO FILE ANSWER AND RULE 5 MATERIALS, SETTING DEADLINE FOR REPLY, AND DENYING MOTION FOR BOND (ECF NO. 13)** |

On January 14, 2022, Robert Lee Horton, II ("Horton") petitioned the Court for a writ of habeas corpus. ECF No. 1; *see* 28 U.S.C. § 2254. Shortly thereafter, on April 21, 2022, the Court held Horton's petition in abeyance, permitting his return to state court to exhaust a previously unexhausted claim. *Horton v. Skipper*, No. 2:22-CV-10142-TGB, 2022 WL 1194063 (E.D. Mich. Apr. 21, 2022); ECF No. 5.

Horton now moves to reinstate the petition and reopen the matter and requests the Court grant bond. For the reasons below, Horton's motions to reinstate the petition (ECF No. 11) and to reopen the case (ECF No. 12) are **GRANTED**. Horton's request for bond (ECF No. 13), however, is **DENIED**.

Federal courts have the power to order a habeas petition reinstated upon timely request by the petitioner following the exhaustion of state court remedies. *See, e.g., Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). Horton alleges he has exhausted all his claims within the state courts. ECF No. 11, PageID.128; ECF No. 12, PageID.130. Therefore, the Clerk of the Court is **ORDERED** to reopen this case to the Court's active docket. Additionally, it is **ORDERED** that the caption of this case be amended to reflect that, now, the Respondent is Bryan Morrison, the prison warden where Horton is incarcerated. *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *see also* Rule 2(a), Rules Governing § 2254 Cases.

Alongside his motion to reopen, Horton has filed an amended petition. ECF No. 12. Horton's proposed amended petition advances a new claim that may, arguably, possess merit; thus, the amendment will be **GRANTED**. *See, e.g., Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Accordingly, the Clerk of the Court is **ORDERED** to serve on Respondent and the Attorney General for the State of Michigan a copy of Horton's original and amended petitions for writ of habeas corpus (ECF

Nos. 1, 12) as well as a copy of this Order, as provided in Rule 4, Rules Governing § 2254 Cases. *See Coffee v. Harry*, No. CIV.04-71209-DT, 2005 WL 1861943, at *2 (E.D. Mich. Aug. 2, 2005).

Respondent is to file an answer within one hundred eighty (180) days of the Court's order. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 891 (E.D. Mich. 2001); 28 U.S.C. § 2243. Moreover, in tandem with the answer, Respondent is to provide Rule 5 materials to Horton. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002); Rule 5, Rules Governing § 2254 Cases. In turn, Horton will have forty-five (45) days from receipt of the answer to file a reply brief—if he so chooses. *See* Rule 5(e), Rules Governing § 2254 Cases.

Horton also requests bond. ECF No. 13. A petitioner may receive bond during the pendency of a merits decision on a habeas corpus petition. To do so, the petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *see also Nash v. Eberlin*, 437 F.3d 519, 526, n.10 (6th Cir. 2006). There are few occasions where a habeas petitioner meets this standard. *See Dotson*, 900 F.2d at 79.

Federal district courts may grant bail upon granting the writ. *See Sizemore v. Dist. Ct., 50th Jud. Dist., Boyle Cnty., Ky.*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail

under other circumstances. At this time, Horton fails to establish that he will prevail on the merits of his claims; therefore, he is not entitled to release on bail. *See, e.g., Greenup v. Snyder*, 57 F. App'x 620, 621–22 (6th Cir. 2003). Horton's request for bond is **DENIED**.

    **IT IS SO ORDERED.**


Dated: May 30, 2024            s/Terrence G. Berg
                                                      TERRENCE G. BERG
                                                      UNITED STATES DISTRICT JUDGE