UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ROBERT LEE HORTON, II,** | **2:22-CV-10142-TGB-APP** |
| Petitioner, | HON. TERRENCE G. BERG |
| vs. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*** |
| **BRYAN MORRISON,** | |
| Respondent. | |

Robert Lee Horton, II ("Petitioner"), incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for armed robbery and being a fourth felony habitual offender. For the following reasons, the petition for writ of habeas corpus is **DENIED**.

## I. BACKGROUND

Petitioner was convicted by a jury in the Macomb County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review

pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009). The Michigan Court of Appeals stated:

> Defendant's conviction arises from the robbery of a liquor store in Mt. Clemens on November 8, 2015. The prosecutor presented evidence that, immediately after the robbery, the store's owner informed the police that he recognized the robber as a frequent customer at the store, despite that the robber wore a hat and dark glasses, but he did not know the robber's name. The robbery was captured on a store surveillance camera, but the identity of the robber was not determined.
>
> In September 2016, the police received information that the children of defendant's girlfriend had reported to Child Protective Services ("CPS") workers that defendant had bragged about getting away with robbing a liquor store. A detective compared defendant's photo with a photo of the robber from the store's surveillance camera, and he found them to be a "very, very, very good match." When presented with a six-person photo array, the store's owner immediately identified defendant's photo and said he was "[a] hundred percent" certain that defendant was the person who robbed him. The defense denied that defendant committed the robbery and asserted that defendant had been misidentified.
>
> At defendant's first trial, in August 2017, he elected to represent himself, with the assistance of standby advisory counsel. Defendant reaffirmed his desire to represent himself after the trial court informed him that his legs would be shackled, which would restrict his movement and prevent him from being able to walk around the courtroom. Before jury voir dire, during a discussion about defendant's self-representation and his being "held to the same standard" as the prosecutor, defendant asked if he "would be allowed to move around as the same standard as the prosecution." The trial court responded that because of "safety and security," he

2

would not "be able to walk around the courtroom." Defendant asked if the court was "saying" that "[i]t's going to handicap [him] of expressing [him]self," and that he was "just asking." The trial court stated, "You can express yourself the best you can from the location the Court has indicated." Nothing more was stated about the matter. This trial ended in a mistrial because the jury was unable to reach a verdict.

Defendant was retried and again elected to represent himself, again with the assistance of standby advisory counsel. Once again, the court ordered that defendant would be shackled during trial and it was noted on the record that the shackles would not be visible to the jury. At the conclusion of this trial, the jury convicted defendant as charged. At sentencing, when given the opportunity to allocute, defendant brought up that he was shackled at trial, complained that he was not able to move around in the same manner as the prosecutor, and argued that he should have been given the same freedom as a defense attorney and "should never have been shackled up[.]" In response, the prosecutor observed that defendant did not object, did not ask for any accommodations for anything that he wished to emphasize to the jury, and that defendant was "rather expressive during trial," although this was not reflected in the record. Defendant agreed that "this was [his] first time bringing this up," following which the trial court proceeded with sentencing.

*People v. Horton*, No. 341933, 2019 WL 3986308, at *1 (Mich. Ct. App. Aug. 22, 2019).

Petitioner filed an application for leave to appeal his conviction with the Michigan Supreme Court, which was denied. *People v. Horton,* 506 Mich. 966, 966 (2020). Chief Justice McCormack, joined by Justices Bernstein and Cavanagh, would have granted leave to appeal, stating the case "presents important questions about the fairness of proceedings

3

leading to the conviction of a self-represented defendant who was improperly shackled for his jury trial" which are "worthy of this Court's review." *Id.* (McCormack, C.J., dissenting).

Petitioner filed a petition for writ of habeas corpus in this Court, ECF No. 1, which was held in abeyance to permit him to return to the state courts to exhaust an unexhausted claim, ECF No. 5. Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Horton,* 2016-3459-FC (Macomb Cty. Cir. Ct. July 28, 2022). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Horton,* No. 363591 (Mich. Ct. App. June 28, 2023), *lv. denied*, 513 Mich. 888 (2023).

Back in federal court after exhausting his claim in state court, this Court granted Petitioner's motion to reopen the case and to file an amended petition. ECF No. 14. Petitioner seeks habeas relief on the following ground:

> I. Whether trial court violated Horton's constitutional right to self-representation when it ordered him shackled throughout trial because shackles impeded his ability to represent himself effectively?
>
> > a. Whether shackling a pro se defendant absent record evidence or necessity constituted structural error?
> >
> > b. Whether confining Horton to the defense table while the prosecution freely moved about the courtroom resulted in an uneven playing field constituted a structural and/or constitutional error?

Am. Pet., ECF No. 12, PageID.134. Respondent has now filed an answer (ECF No. 20) and Petitioner has filed a reply brief (ECF No. 22).

## II. LEGAL STANDARD

Section 2254(d)(1) of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case," *id.* at 409, in that the state court's rejection of the claim

"was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington v. Richter*, 562 U.S. 86, 103 (2011). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

The AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017). Thus, when the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged constitutional violation or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

### III. DISCUSSION

Petitioner claims that the judge ordered him to be shackled throughout his trial although there was no valid basis to do so. The Petitioner asserts that due to the shackles while representing himself, even if the jury could not see the restraints, they could have heard them which would be prejudicial in his trial. He further alleges that the shackles or restraints violated his Sixth Amendment right to self-

6

representation because the shackles limited his ability to move freely about the courtroom in the same manner as the prosecutor was able to.

Respondent argues that Petitioner's claim is procedurally defaulted because he failed to object to being shackled or argue that this impinged on his right to self-representation and the Michigan Court of Appeals reviewed and rejected Petitioner's claim under a plain error standard because Petitioner failed to preserve the issue as a constitutional claim at the trial court level.

**A. Procedural Default**

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless the petitioner can demonstrate "cause" for the default and actual "prejudice" as a result of the alleged constitutional violation or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

### *1. Cause*

The Sixth Circuit has ruled that "where a straightforward analysis of settled state procedural default law is possible, federal courts cannot justify bypassing the procedural default issue." *Sheffield v. Burt*, 731 F. App'x 438, 441 (6th Cir. 2018).

The Michigan Court of Appeals ruled that Petitioner's claim was unpreserved because Petitioner, by his own acknowledgement, failed to object to the judge's decision to order shackling during trial or argue that

the shackling violated his constitutional right to self-representation. The Michigan Court of Appeals therefore reviewed the unpreserved claim for plain error. *See People v. Horton*, 2019 WL 3986308, at \*2.

Michigan law requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines,* 460 Mich. 750, 761-64 (1999) ("This Court disfavors consideration of unpreserved claims of error."). By failing to object to the judge's decision to shackle him or to argue that this infringed on his right to self-representation, Petitioner failed to preserve this claim for review. The fact that the Michigan Court of Appeals engaged in "plain error review [of Petitioner's claim] does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of Petitioner's claim for plain error "as the enforcement of a procedural default." *Hinkle v. Randle*, 271 F. 3d 239, 244 (6th Cir. 2001).

Petitioner offered no reasons for his failure to preserve his claim at the trial level.  Petitioner did not raise a claim of ineffective assistance of trial counsel, or any other reason, to excuse the procedural default.  By failing to "raise[ ] any claim or issue to excuse the [procedural] default, [Petitioner] has forfeited the question of cause and prejudice." *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020).

Moreover, although ineffective assistance of counsel may be cause to excuse a procedural default, *Edwards v. Carpenter*, 529 U.S. 446, 451

8

(2000), Petitioner chose to represent himself at trial. A criminal defendant who "has waived his right to counsel ... cannot complain about the quality of his own defense by arguing that it amounted to ineffective assistance of counsel." *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990); *see also Gall v. Parker*, 231 F.3d 265, 320 (6th Cir. 2000) (holding that petitioner had no ineffective assistance claim where he chose to represent himself), *overruled on other grounds by Bowling v. Parker*, 344 F.3d 487, 501 n.3 (6th Cir. 2003).  Because Petitioner cannot raise a claim of ineffectiveness with respect to his own performance at trial, he cannot use any such claim as cause to excuse his procedural default for failing to properly preserve his shackling or self-representation claim with the trial court. *See Cook v. Schriro*, 538 F.3d 1000, 1029 (9th Cir. 2008).

### 2. Prejudice

If the petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). The cause and prejudice exception requires proof of *both* cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). And even assuming that Petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule.

In *Deck v. Missouri*, 544 U.S. 622, 629 (2005), the United States Supreme Court held that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial

court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Deck's* facts and holding, however, "concerned only visible restraints at trial." *Mendoza v. Berghuis*, 544 F.3d 650, 654 (6th Cir. 2008) (holding that physical restraints that were not visible to the jury during trial did not violate due process). Here, the trial court and the Michigan Court of Appeals factually found that Petitioner had failed to establish that his leg restraints were visible to the jurors at his trial because counsel's table was shrouded, which obscured Petitioner's legs, to ensure that the shackles were not visible to the jurors. *People v. Horton*, 2019 WL 3986308, at *2.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). This presumption of correctness extends to factual findings made by a state appellate court on the basis of their review of trial court records. *See Treesh v. Bagley*, 612 F.3d 424, 430 n.1 (6th Cir. 2010); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)). The factual finding by the trial judge and the Michigan Court of Appeals that Petitioner's leg shackles were not visible to the jurors is binding on this Court unless Petitioner can show that it is clearly erroneous. *See Earhart v. Konteh*,

10

589 F.3d 337, 349 (6th Cir. 2009) (citing 28 U.S.C. § 2254(e)(1)). But Petitioner has presented no evidence that his leg restraints were visible during the trial. He only stated he "question[s] whether the shackles in this case were noticeable to the jury, even if a protective shroud was used," and that the jury "could have reasonably inferred that the defendant was shackled, making his restraints constructively visible." ECF No. 22, PageID.1739. Thus, Petitioner is not entitled to habeas relief on his claim. *See Mendoza,* 544 F.3d at 655.

Moreover, even if Petitioner's shackling presented a close case to the Michigan courts, this Court is not free to hold that the Michigan Court of Appeals' rejection of the shackling claim was an objectively unreasonable application of *Deck*. *See Mendoza*, 544 F.3d at 655 (noting that the facts were "not materially identical to those in *Deck*" as Deck's restraints were visible to the jury, whereas Mendoza's were not").

### 3. Actual Innocence

Finally, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). Nonetheless, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here, Petitioner has

presented no new reliable evidence to support any assertion of innocence which would allow this Court to consider his defaulted claim as a ground for a writ of habeas corpus in spite of the procedural default.

### B. Sixth Amendment Right to Self-Representation

Petitioner, however, also claims that the leg restraints violated his Sixth Amendment right to self-representation because they prevented him from moving freely around the courtroom.

Criminal defendants have a constitutional right to conduct their own defense at trial, if they voluntarily and intelligently elect to do so. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.,* 528 U.S. 152, 154 (2000); *Faretta v. California,* 422 U.S. 806, 807 (1975). However, the right to self-representation is not absolute. *Martinez,* 528 U.S. at 161.

Another judge in this district declined to grant habeas relief on the same claim, by noting that "[t]here is no clearly established Supreme Court precedent to support Petitioner's contention that he has a right to represent himself without shackles." *Arthur v. Haas,* No. 14-13099, 2016 WL 6030067, at *4 (E.D. Mich. Oct. 14, 2016)(Cohn, J.). Judge Cohn noted that the circuit courts had followed three different approaches in addressing the issue of whether shackling a defendant who wishes to represent himself violates his right to self-representation:

> The first approach finds that there is no denial of the right to self-representation when a criminal defendant who wishes to

> represent himself or herself is shackled or physically restrained at trial. *See Lefevre v. Cain*, 586 F.3d 349, 358 (5th Cir. 2009); *United States v. Cooper*, 591 F.3d 582, 586-87 (10th Cir. 2010); *United States v. Van Sach*, 458 F.3d 694, 699–700 (7th Cir. 2006). A second line of cases either hold or suggest that there is no violation of a criminal defendant's right to self-representation as long as safeguards are present to minimize any prejudice due to the restraints. *See U.S. v Fields*, 483 F.3d 313, 357 (5th Cir. 2007); *Overton v Mathes*, 425 F.3d 518, 520-21 (8th Cir. 2005); *Frantz v Hazey*, 533 F.3d 724, 728 (9th Cir. 2008); *United States v. Jackson*, 419 Fed.Appx. 666, 670 (7th Cir. 2011). One circuit has found that shackles violated a defendant's right to self-representation. *See Oses v. Massachusetts*, 961 F.2d 985, 986 (1st Cir. 1992).

*Id.* at *4 n.3. Judge Cohn concluded that in the absence of clearly established Supreme Court law which holds that a criminal defendant is denied his right to self-representation when he is ordered to remain shackled while representing himself, the habeas petitioner could not prevail on his claim that he was denied the right of self-representation because he was shackled. *Id.* at *4.

A disagreement among the circuit courts is evidence that a certain matter of federal law is not clearly established for federal habeas purposes. *See Miller v. Colson*, 694 F.3d 691, 698 (6th Cir. 2012). The fact that the different federal circuits have disagreed over whether shackling a *pro se* defendant violates his Sixth Amendment right to self-representation shows that there is no clearly established Supreme Court caselaw suggesting that shackling a *pro se* defendant violates his right to self-representation. The Supreme Court's failure to rule on this issue,

coupled with the "disagreement and confusion" among the federal courts concerning the resolution of the issue at hand, *see Worden v. McLemore,* 200 F. Supp. 2d 746, 753 (E.D. Mich. Apr. 22, 2002), precludes this court from finding that the Michigan Court of Appeals' decision was an unreasonable application of clearly established federal law, where clearly established Supreme Court precedent on the issue of whether shackling a *pro se* defendant violates the right to self-representation did not, and does not, exist. Thus, Petitioner is not entitled to habeas relief on his claim.

The Court denies the petition for writ of habeas corpus.

### C. Certificate of Appealability

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

constitutional claim debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).

Although the Court believes that its decision to deny habeas relief is correct, the Court will nonetheless grant Petitioner a certificate of appealability on his claim for the following reasons. Chief Justice McCormack of the Michigan Supreme Court, along with Justices Bernstein and Cavanagh indicate that they would have granted Petitioner leave to appeal on his claim. "When a state appellate court is divided on the merits of the constitutional question, issuance of a certificate of appealability should ordinarily be routine." *Jones v. Basinger*, 635 F.3d 1030, 1040 (7th Cir. 2011). The fact that three Michigan Supreme Court justices would have granted Petitioner leave to appeal shows that jurists of reason could decide Petitioner's claim differently or that the issues deserve encouragement to proceed further. *See Robinson v. Stegall,* 157 F. Supp. 2d 802, 820 n.7, 824 (E.D. Mich. Aug. 6, 2001)(Borman, J.). Moreover, the question presented by Petitioner deserves encouragement to proceed further, since appellate review of this claim could provide "important guidance" to federal habeas courts in the Sixth Circuit on this issue. *See Laboy v. Demskie*, 947 F. Supp. 733, 745 (S.D.N.Y. Nov. 29, 1996). This is particularly so since the Sixth Circuit has yet to address the issue of whether requiring a *pro se* defendant to wear shackles or restraints violates his right to self-

representation. *Haas*, 2016 WL 6030067, at \*4. Accordingly, the Court grants a certificate of appealability.

Petitioner is also granted leave to proceed on appeal *in forma pauperis*, as any appeal would not be frivolous. A court may grant *in forma pauperis status* if the court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. May 22, 2002). Because this Court granted a certificate of appealability, any appeal would be undertaken in good faith; Petitioner is thus granted leave to appeal *in forma pauperis. See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. Feb. 25, 2002) ("For the same reasons that this Court grants Petitioner a COA, the Court certifies that Petitioner's appeal is taken in good faith.").

### IV. CONCLUSION

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**. It is **FURTHER ORDERED** that a Certificate of Appealability is **GRANTED**. It is **FURTHER ORDERED** that Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

**SO ORDERED**.

Dated: May 14, 2026              /s/Terrence G. Berg
                                 TERRENCE G. BERG
                                 UNITED STATES DISTRICT JUDGE

16